UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JAMES MILLION, ET AL.**                                                        CIVIL ACTION

**VERSUS**

**COS-MAR COMPANY**                                                  NO.: 19-00771-BAJ-RLB

RULING AND ORDER

Before the Court is Defendant's **Rule 12(b)(6) Motion to Dismiss (Doc. 11)**. The motion is opposed. *See* (Doc. 13). For the reasons that follow, Defendant's Motion (Doc. 11) is **GRANTED**.

I. **BACKGROUND**

James Million and his spouse, Gloria Million, bring this diversity action alleging that Plaintiff James Million was exposed to toxic chemicals during his lengthy tenure employed in the chemical plant industry. (Doc. 1, at ¶ 8). Plaintiff James Million alleges that two of his employers, who were subcontracted by Defendant, intentionally allowed him to be exposed to hazardous and toxic chemicals without recourse or proper regard for safety. (*Id.* at ¶¶ 11–13). During his employment, Plaintiff James Million feared repercussions if he reported incidents of exposure, and he claims that Defendant was aware of the risks he was exposed to. (*Id.* at ¶ 14, 17).

In February of 2016, Plaintiff was diagnosed with lymphoma cancer and pulmonary embolisms, which he alleges were caused by exposure to hazardous

1

chemicals during his employment. (*Id.* at ¶ 20). Plaintiffs bring state law strict liability and negligence claims and seek damages for permanent injury, medical bills, pain and suffering, lost wages, and loss of consortium. (*Id.* at ¶¶ 22–23). Now Defendant moves to dismiss Plaintiffs' claims, arguing that they are barred by the relevant statute of limitations. (Doc. 11 at p. 5).

## II. LEGAL STANDARD

To overcome Defendant's Rule 12(b)(6) motion, Plaintiffs must plead plausible claims for relief. *See Romero v. City of Grapevine, Tex.*, 888 F.3d 170, 176 (5th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is plausible if it is pleaded with factual content that allows the Court to reasonably infer that Defendant is liable for the misconduct alleged. *See Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017) (citing *Iqbal*, 556 U.S. at 678). The Court accepts as true the well-pleaded facts of Plaintiffs' Complaint and views those facts in the light most favorable to Plaintiffs. *See Midwest Feeders, Inc.*, 886 F.3d at 513.

## III. DISCUSSION

Prescription must be pleaded and may be raised at any time prior to the matter's submission after trial. La. C.C. art. 3452. Ordinarily, the party claiming prescription bears the burden of proof, but the burden shifts to the plaintiff to show that the action is not prescribed where prescription is evident on the face of the pleadings. *Albe v. City of New Orleans*, 2014-0186 (La. App. 4 Cir. 9/17/14), 150 So. 3d 361, 366, *writ denied*, 2014-2166 (La. 12/8/14), 153 So. 3d 445.

Under La. Civ. Code art. 3492, delictual actions like those brought here are subject to a one-year prescriptive period commencing from the date of the injury or damage. *Mulkey v. Century Indem. Co.*, 2018-1551 (La. App. 1 Cir. 8/7/19), 281 So. 3d 717, 721, *reh'g denied* (Aug. 29, 2019), *writ denied*, 2019-01534 (La. 11/25/19), 283 So. 3d 495, and *writ denied*, 2019-01576 (La. 11/25/19). Defendants argue that Plaintiffs' claims are barred because the relevant injuries were discovered in February of 2016 and the action was not brought until November 8, 2019. (Doc. 11, at p. 6).

In their Opposition, Plaintiffs argue that the prescriptive period was tolled for two reasons. First, Plaintiffs argue under the equitable doctrine of *contra non valentum* suspends prescription because they did not discover Defendant's identity until the period within the filing date of November 8, 2018. The relevant portion of this doctrine applies when the cause of action "is not known or reasonably knowable by the plaintiff, even though this ignorance is not induced by the defendant." *Carter v. Haygood*, 2004-0646 (La. 1/19/05), 892 So. 2d 1261, 1268. Plaintiffs claim they failed to identify Defendant's potential involvement despite "exercising reasonable diligence." (Doc. 13, at p. 3). However, they have neglected to provide any evidence, or even to allege, that the cause of action was not reasonably knowable. *Tuazon v. Eisenhardt*, 98-666 (La. App. 5 Cir. 12/16/98), 725 So. 2d 553, 556, *writ denied*, 99-0144 (La. 3/12/99), 739 So. 2d 209 (affirming a determination that the cause of action had expired where plaintiff offered no evidence to show that the cause of action was not known or reasonably knowable).

3

Secondly, citing La. C.C. art. 3462, Plaintiffs argue that prescription was interrupted when they timely filed suit against jointly and solidarily liable defendants in other actions. (Doc. 13, at p. 3). Under this statute, "[p]rescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue." LA. CIV. CODE ART. 3462. In support of their arguments, Plaintiffs cite a case from a Louisiana court which held that "an obligation is solidary among debtors when they are obliged to the same thing, so that each may be compelled for the whole, and when payment by one exonerates the other toward the creditor." *Hoefly v. Gov't Employees Ins. Co.*, 418 So. 2d 575, 576 (La. 1982). However, *Hoefly* specifically ruled on the question of "whether an automobile accident victim's uninsured motorist carrier is solidarily obliged with the tortfeasor so that the victim's timely suit against the latter interrupts prescription with regard to the insurer." *Iles v. State Farm Mut. Auto. Ins.* Co., 2018-276 (La. App. 3 Cir. 11/7/18), 258 So. 3d 850, 853, *writ denied*, 2018-2016 (La. 2/11/19), 263 So. 3d 1152. That is not at issue here. Further, Plaintiffs make no claims concerning obligations that the Defendant may have had with other companies.

As such, Plaintiffs' arguments in support of tolling the statute of limitations are inadequate. They argue that "all defendants are liable to the plaintiffs to repair the same damage" in this case. (Doc. 13, at p. 4). However, the Complaint simply asserts that Plaintiff James "worked for several companies which were, at various and separate times, subcontracted by the defendant, Cos-Mar," including Basic

4

Industries, Inc., and Protherm Services Group, LLC, over the course of his career in the chemical plant industry spanning over 40 years. (Doc. 1, at ¶¶ 8, 11, 12). In short, Plaintiffs would have the Court find that because Defendant subcontracted with two companies that Plaintiff worked for over the span of several decades, such entities must share obligations concerning damages that occurred at unspecified points during that lengthy career. Because Plaintiff has failed to offer evidence to link Defendant to Plaintiff's injuries, the Court finds that prescription was not tolled under La. C.C. art. 3462.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's **Motion (Doc. 11)** is **GRANTED**. A final judgment shall issue in accordance with Federal Rule of Civil Procedure 58.

Baton Rouge, Louisiana, this 13th day of July, 2020

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**