UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMES MILLION, ET AL.                          CIVIL ACTION

VERSUS

COS-MAR COMPANY                          NO. 19-00771-BAJ-RLB

## RULING AND ORDER

Before the Court is Plaintiffs' **Motion for Reconsideration to Judge's Ruling on Defendant's 12(b)(6) Motion to Dismiss, or in the Alternative Motion for Leave to Amend Plaintiffs' Initial Complaint (Doc. 20)**. For the reasons provided herein, the Motion is **DENIED**.

## I.    BACKGROUND

Plaintiffs James Million and his spouse, Gloria Million alleged that Cos-Mar Company ("Cos-Mar") negligently exposed James to toxic chemicals while he was employed in the chemical plant industry. (Doc. 1, at ¶ 8). As a result of Cos-Mar's alleged negligence, James Million was diagnosed with cancer and multiple "severe life-threatening Pulmonary Embolisms," and allegedly has and will continue to "suffer permanent injury and damages." (Doc. 1, at ¶ 23).

Cos-Mar moved to dismiss Plaintiffs' claims, arguing that they were barred by the relevant statute of limitations. (Doc. 11, p. 5). On July 13, 2020, this Court issued a Ruling and Order granting Defendant's Motion to Dismiss. (Doc. 17). A final Judgment was entered on the same day. (Doc. 18). Plaintiff now asks the Court to amend its judgment pursuant to Rule 59(e) or, in the alternative, grant leave to

amend the complaint. (Doc. 20).

## II.   LEGAL STANDARD

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). "A Rule 59(e) motion 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" *Advocare Int'l LP v. Horizon Labs., Inc.*, 524 F.3d 679, 691 (5th Cir. 2008) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003)). "Rule 59(e) may not be used to raise new legal theories or arguments, much less ones that contradict verdict forms or instructions that the moving party proposed to the district court." *E.E.O.C. v. St. Joseph's Hosp., Inc.*, 842 F.3d 1333, 1349 (11th Cir. 2016)

A "'manifest error' is not shown by the 'disappointment of the losing party,'" rather it is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Shaw v. Broadcast.com, Inc.*, No. 98-cv-2017-P, 2005 U.S. Dist. LEXIS 34553, at *5 (N.D. Tex. Dec. 20, 2005) (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)); *see also Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (defining "manifest error" in the appellate review context as "one that is plain and indisputable, and that amounts to a complete disregard of the controlling law" (citation and internal quotation marks omitted)). Courts have significant discretion in deciding whether to grant a motion to reconsider under Rule 59(e). *Templet*, 367 F.3d at 479. Nevertheless, granting a motion for reconsideration is "an extraordinary remedy that should be used sparingly." *Id.* Thus,

in determining whether to grant a motion to reconsider, courts must balance "the need to bring litigation to an end" and "the need to render just decisions on the basis of all the facts." *Id.*

## III.  ANALYSIS

### A. Rule 59

Plaintiffs argue that because Cos-Mar was not reasonably known until November 8, 2018, the equitable doctrine of *contra non valentum* should suspend prescription. The Court addressed this exact argument in its Ruling, finding that Plaintiffs "neglected to provide any evidence, or even to allege, that the cause of action was not reasonably knowable." (Doc. 17, p. 3). Plaintiffs disagree, and once again outline the efforts they took to search for all relevant Defendants. (Doc. 20-1, p. 3). However, Plaintiffs provide no support for the contention that a Plaintiffs' inability to discover information that was difficult to find means that it was not "reasonably knowable."

Plaintiffs confuse "diligence" for "reasonableness." While lack of diligence is fatal to a *contra non valentum* claim, appropriate diligence does not automatically mean that *contra non valentum* is warranted. *See Touchet v. Baker Hughes Inc.*, 98-749, p. 5 (La. App. 3 Cir. 2/3/99); 737 So. 2d 821, 824. The Court has no doubt that Plaintiffs diligently searched for all relevant Defendants, but were hindered by James Million's memory. However, the law is clear that "a person whose ignorance of his cause of action or inability to assert it is the result of his own mental incapacity cannot claim the benefits of this rule [*contra non valentum*] unless he has been interdicted." *Corsey v. State, Through Dept. of Corrections*, 375 So. 2d 1319, 1323 (La.

3

1979). The law of prescription focuses on what a plaintiff "knew or should have known about his potential cause of action, not what they could have known." *Wells v. Zadeck*, 2011-1232, p. 13 (La. 3/30/12); 89 So. 3d 1145, 1152. Plaintiffs should have known who James Million's prior employers were. Plaintiffs discovered Cos-Mar by asking James Million a question during a deposition. (Doc. 20-1, p. 3). Plaintiffs provide no explanation, other than James Million's health, that indicates why they were unable to discover Cos-Mar's identity. Because there was no "cause foreign to the person of the plaintiff" to warrant suspending the prescriptive period, *Corsey*, 375 So. 2d at 1324, Plaintiffs have failed to establish a manifest error in law justify altering the Judgment on these grounds.

Plaintiffs also contend that a previously timely filed lawsuit[1], tolled the statute of limitations for any and all other solidary obligors, in reliance on *Hoefly v. Gov't Employees Ins. Co.*, 418 So. 2d 575 (La. 1982). (Doc. 20-1, p. 6). This argument is identical to the one addressed by the Court in its Ruling on Cos-Mar's Motion to Dismiss. (Doc. 17). This Court declined to expand *Hoefly* beyond its holding. (Doc. 17, p. 4). While Plaintiffs "respectfully suggest that the Court's ruling dismissing the application of *Hoefly* in the instant matter was improper," (Doc. 20-1, p. 6), they fail to cite to any ruling by any court which applies *Hoefly* in a situation similar to the instant matter. Therefore, Plaintiffs have failed to establish a manifest error of law.

Because Plaintiffs have not identified a manifest error of law or fact, nor presented newly discovered evidence, the motion to reconsider is denied.

---

[1] *See* (No. 17-CV-00060-SDD-RLB, Doc. 98, 113) (dismissing Plaintiffs' claims against Defendants on summary judgment).

**B. Leave to Amend**

Leave to amend should be freely given, when requested. *See* Fed. R. Civ. P. 15(a). However, Plaintiffs did not request leave to amend their complaint in the opposition to the Motion to Dismiss. *See* (Doc. 12). The prescriptive period has run, and Plaintiffs fail to provide any explanation for how they would amend their Complaint to cure the aforementioned bar on their claims. Therefore, the Court declines to grant leave to amend.

IV.    **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Alter or Amend the Judgment Pursuant to Fed. R. Civ. P. 59(e) is **DENIED**.

Baton Rouge, Louisiana, this ___15th___ day of April, 2021

JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA